## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ESTRELLITA VAZQUEZ,**

**Plaintiff,**

**vs.**

**ARCHIS INC. and SCHOOL BOARD
OF ORANGE COUNTY, FLORIDA,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ESTRELLITA VAZQUEZ, ("Plaintiff" or "Vazquez") by and through her undersigned attorneys, hereby sues the Defendants, ARCHIS INC. ("Archis") and SCHOOL BOARD OF ORANGE COUNTY, FLORIDA ("School"), collectively known as ("Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.      Venue lies within the United States District Court for the Middle District of Florida, Orlando Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events

1

giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3.      All conditions precedent to bringing this action have occurred.

4.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

5.      On June 8, 2021, the FCHR, after completing its investigation, found reasonable cause that an unlawful practice occurred. A copy of the determination is attached as Exhibit "A".

6.      More than 180 days have passed since the filing of the Charge of Discrimination.

7.      Plaintiff intends to amend her Complaint to add claims under Title VII once the EEOC issues its Right to Sue and Plaintiff has complied with all administrative prerequisites.

## PARTIES

8.      Plaintiff is a resident of Seminole County, Florida.

9.      Archis is a Florida corporation, authorized and doing business in Orange County, Florida.

10.     School  is a legal entity created by the Florida Constitution to provide a

system of public education within Orange County, Florida.

11.     At all times material, Plaintiff was an employee of the Defendants within the meaning of the Family and Medical Leave Act ("FMLA") and worked the required number of hours to qualify for leave under the FMLA.

12.     Defendants are joint employers and/or a common or integrated enterprise and they employ at least fifty employees within a 75-mile radius.

## GENERAL ALLEGATIONS

13.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

14.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began her employment on or about March 2016, as a CAD Design Specialist.

17.     During her employment Plaintiff had an unblemished personnel file and

she regularly earned raises and bonuses.

18.     Plaintiff suffers from a qualified disability and serious health condition

which was at all times known to Defendants.

19.    As a result of her disability Plaintiff requested a reasonable accommodation.

20.    Due to her serious health condition/qualified disability, Plaintiff's medical professionals recommended she work from home until August 2020.

21.    As a result of Covid all employees were already working from home.

22.    Plaintiff was approved to work from home through August 2020.

23.    On July 2020, Defendants directed employees to return to the workplace, unless, like Plaintiff, they had an approved accommodation.

24.    Plaintiff having been approved for her accommodation continued to work from home.

25.    Plaintiff was not paid for her work efforts the first week of July.

26.    When Plaintiff confronted Defendants about the failure to pay earned wages, Plaintiff was ignored, her access to work was shut off and she was terminated.

27.    Plaintiff, despite multiple attempts to communicate with both Defendants never heard from either one of them.

28.    Defendants failed to provide Plaintiff with the required notice of rights and responsibilities.

4

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION**

29.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

30.    As described above, Plaintiff has a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

31.    By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

32.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.    Punitive Damages

f.    Pecuniary and non-pecuniary losses;

g.    Attorney's fees and costs; and

h.    For any other relief this Court deems just and equitable.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMMODATE**

33.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

34.    As described above, Plaintiff has a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

35.    By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendants failed to engage in the interactive process.

36.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

6

    d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.     Punitive Damages

    f.     Pecuniary and non-pecuniary losses;

    g.     Attorney's fees and costs; and

    h.     For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

37.   Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

38.   As described above, Plaintiff has a disability, and/or the Defendants perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

39.   By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and retaliated against Plaintiff because of her disability and/or perceived disability.

40.   As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.     Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.    Punitive Damages

f.    Pecuniary and non-pecuniary losses;

g.    Attorney's fees and costs; and

h.    For any other relief this Court deems just and equitable.

### COUNT IV
### (FMLA DISCRIMINATION/RETALIATION)

41.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

42.    Defendants retaliated against Plaintiff for asserting her FMLA rights.

43.    Defendants' actions constitute violations of the FMLA.

44.    As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

a.    Back pay and benefits;

b.    Interest;

c.    Liquidated damages;

8

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT V
## <u>FAMILY MEDICAL LEAVE ACT – INTERFERENCE</u>

45.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

46.    Defendants' actions interfered with Plaintiff's rights under the FMLA.

47.    Defendants' actions constitute violations of the FMLA.

48.    As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

    a.    Back pay and benefits;

    b.    Interest;

    c.    Liquidated damages;

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT VI
## <u>FLORIDA STATUTE CHAPTER  448.08 -  UNPAID WAGES</u>

49.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 28 as if set out in full hereafter.

50.     Plaintiff earned wages over the course of her  employment which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.08.

51.     Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

52.     Defendants despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated: September 3, 2021.

FLORIN GRAY BOUZAS OWENS, LLC

<u>/s/Wolfgang M. Florin</u>
Wolfgang M. Florin
Florida Bar No. 907804

wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff